

# The Attorney General of Texas

April 9, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Susan Gurley McBee
Chairman, Committee on Elections
House of Representatives
Austin, Texas 78769

Opinion No. MW-166

Re: Whether the Secretary of State may promulgate rules permitting the consolidation of election precincts without regard to commissioners' precinct boundaries.

Dear Representative McBee:

You have requested our opinion as to whether the Secretary of State may promulgate rules permitting the consolidation of election precincts without regard to commissioners' precinct boundaries. The Secretary of State recently issued Rule 004.30.13.002, which states:

> ... In designating polling places, a chairman may consolidate up to all of the election precincts in the county in any equitable manner and without regard to commissioners' precinct boundaries, except that a chairman may not consolidate any precinct with any one or more precincts unless the ballots are identical in all precincts that are to be consolidated together.

You ask whether this rule conflicts with the proviso of article 2.02(g) of the Election Code. That statute provides:

> In any election for which the election precincts are required to be those formed under the provisions of Section 12 of this code [article 2.04], if in any county there is no local office or proposition to be voted on by the voters of only that county or a part of that county, the authority holding the election may combine any two or more regular election precincts into consolidated precincts for such election in that part of the county having no such local office or proposition to be voted on if it appears that the voters included within each consolidated precinct can be adequately and conveniently served at one polling

place; _provided, however, that there shall always be at least one consolidated precinct wholly within each commissioners precinct of the county._

(Emphasis added).

The Secretary of State is designated the chief election officer of the state, article 1.03, Election Code, and, as such, he "is authorized to promulgate . . . reasonable rules which will minimize the costs of the primary elections." Article 13.08(j), Election Code. _The Secretary of State contends that his authority to promulgate Rule 004.30.13.002 derives from article 13.08(h) of the Election Code:_

> The secretary of state is authorized to promulgate rules under which compensation is limited to polling places at which voters of more than one election precinct cast their votes, notwithstanding the provisions of Section 10(g) (Article 2.02(g), Vernon's Texas Election Code). The rules for such common polling places shall provide for adequate public notice by the county chairman to the voters in election precincts affected by the application of such rules and shall provide for an adequate number of polling places taking into account all other relevant factors including distances of polling places from parts of the precincts served, estimated voter turn-out, and geographic or other boundaries. However, the secretary of state may not require that there be less than one polling place for each commissioner's precinct for reimbursement purposes.

(Emphasis added). Under article 13.08(h) the Secretary of State's authority is limited to rules regarding compensation. That statute specifically prohibits him from promulgating rules tying compensation to a requirement that there be fewer than one polling place per commissioner's precinct. We believe article 13.08(h) is designed to indicate that notwithstanding the permissive authority granted by article 2.02(g) of the Election Code to local authorities to determine the number of election precincts to be consolidated, the Secretary of State is not required to provide reimbursement for more than four precincts per county. In light of the specific language contained in the last sentence of article 13.08(h), it is our opinion that the Secretary of State is not authorized to promulgate rules which permit consolidation of election precincts across commissioners' precinct boundaries.

## SUMMARY

The Secretary of State is not empowered to promulgate rules permitting the consolidation of election precincts without regard to commissioners' precinct boundaries.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jim Allison
Walter Davis
Susan Garrison
Rick Gilpin
Bruce Youngblood